UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. LIBBY, | No. C14-2279 EMC |
| Plaintiff, | |
| v. | **ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |
| CAROLYN W. COLVIN, Commissioner, Social Security Administration, | |
| Defendant. | |

Plaintiff filed the instant action on May 16, 2014. Dkt. No. 1. That same day, the Court issued a "Procedural Order for Social Security Review Actions" which provided that Plaintiff "shall serve and file a motion for summary judgment or for remand within 28 days of service of defendant's answer." Dkt. No. 3, at 1. Defendant was then ordered to "serve and file any opposition or counter-motion within 28 days of plaintiff's motion." *Id.* Defendant filed its answer to the complaint on September 8, 2014. Dkt. No. 13. Plaintiff failed to file a motion for summary judgment or for remand. On December 2, 2014, this Court issued an order to show cause why this action should not be dismissed for failure to prosecute. Dkt. No. 16. Plaintiff was ordered to file a response to the order to show cause no later than December 16, 2014, at 5:00pm. *Id.*, at 2. The order expressly cautioned plaintiff that "failure to respond to this Court's order may result in dismissal of this action." Plaintiff has failed to file any response to this order.

"District courts have the inherent power to control their dockets and, in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case." *Ferdik v. Bozelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Where a plaintiff fails to prosecute an action, a

district court may dismiss the action *sua sponte* under Federal Rule of Civil Procedure 41(b) in appropriate circumstances. *See, e.g.*, *Yufa v. Lighthouse Worldwide Solutions Inc.*, No. 09-cv-0968-MEJ, 2014 WL 5106331, at *4 (N.D. Cal. Oct. 10, 2014) ("In order to prevent undue delays in disposition of pending cases and to avoid congestion in the courts, a federal district court has the inherent power and discretion to dismiss a case sua sponte for failure to prosecute . . . ."). A court should consider five factors before dismissing for failure to prosecute: (1) the public interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

The public's interest in expeditious litigation and the court's need to manage the docket is served by dismissal insofar as Plaintiff has demonstrated little interest in having this case proceed. Since filing his complaint and motion to proceed *in forma pauperis*, Plaintiff has made no additional filings and has now twice ignored Court orders – the first requiring him to file a motion for summary judgment or remand and the second the order to show cause why this case should not be dismissed. As to the third factor, the Ninth Circuit has found that "actual prejudice to a defendant is not required, as '[t]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure.'" *Navarro-Covert v. R.J. Reynolds, Inc.*, No. C09-6086 EMC, 2012 WL 608391 (N.D. Cal. Feb. 24, 2012) (quoting *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)).

Additionally, the Court has already tried less drastic alternatives. "'[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the consideration of [less drastic sanctions] requirement.'" *Abalos v. Bank of America Home Loan Servicing, L.P.*, No. C11-03150 SBA, 2012 Wl 691768 (N.D. Cal. Mar. 2, 2012) (quoting *Ferdik*, 963 F.2d ast 1262). Here, after Plaintiff's initial failure to comply with the Court's orders, Plaintiff was given an opportunity to explain why the action should not be dismissed and was expressly warned that failure to obey could result in dismissal. Further, less drastic alternatives, such as evidentiary or monetary sanctions, would likely be ineffective given Plaintiff's failure to prosecute

2

this case from the beginning as well as his *in forma pauperis* status. *See, e.g.*, *Ervin v. Bank of America, N.A.*, No. 2:12-cv-01595 KJM KJN PS, 2013 WL 1876619 (E.D. Cal. May 3, 2013) ("[P]laintiff is proceeding in forma pauperis and thus would very likely be unable to pay any monetary sanction imposed in lieu of dismissal.").

Finally, while the public policy favoring disposition of cases on their merits always counsels against dismissal for failure to prosecute, the court finds this factor outweighed by the considerations discussed above.

Accordingly, this action is hereby **DISMISSED** for failure to prosecute. The clerk is hereby instructed to close the file. in this case and enter judgment in favor of Defendant.

IT IS SO ORDERED.

Dated: January 6, 2015

_____
EDWARD M. CHEN
United States District Judge

United States District Court
For the Northern District of California

3